UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Case No. 22-cr-166 (MAU) |
| **JOHN TODD III,** | |
| **Defendant.** | |

**GOVERNMENT'S RESPONSE TO THE COURT'S APRIL 25, 2023 MINUTE ORDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully responds to the Court's April 25, 2023 Minute Order, inquiring of the government's position as to the defendant's pretrial release. This Minute Order is based upon Pretrial Services' Violation Report. *See* ECF No. 48. Overall, the government concurs with Pretrial's recommendation, and seeks that this Court revoke the defendant's release conditions. *See* 18 U.S.C. § 3148 (delineating the process and sanctions for violation of pretrial release conditions).

As detailed in the Report, the defendant – while on release in this case – violated his release condition to not possess any firearms, destructive devices, or other weapons. Specifically, the defendant had contact with local law enforcement, while experiencing suicidal ideations and was found to have both razor blades and knives on his person. More concerningly, the defendant also scaled the side of a building to try to gain access to a person he believed was engaged an extramarital affair with his spouse.

While this incident alone is disturbing, this is not the only transgression in this case. As noted in the Report, the defendant has previously violated his conditions, unlawfully possessing a

1

firearm while experiencing acute mental health concerns. As a result of this incident, the defendant was ordered to undergo medical or psychiatric treatment.

While the government appreciates the defendant's mental health condition(s), the inquiry this Court faces is whether (a) the defendant violated a condition of release; and (b) if he did, whether his current state of supervision remains appropriate. Respectfully, it does not.

Under §3148(b), the defendant may be revoked of an order of release if, after a hearing, the Court finds "probable cause to believe the defendant has committed a Federal, State, or local crime while on release; or clear and convincing evidence that the person has violated any other condition of release." §3148(b)(1). Here, the defendant's release conditions set forth that he may not possess a firearm, destructive device, or "other weapon." ECF No. 48. On September 24, 2022, the defendant possessed a firearm. On April 12, 2023, the defendant possessed multiple knives and razor blades, alleging used to harm himself (and potentially others). The reports by law enforcement attached to the Report sufficiently establish by clear and convincing evidence such violations.

The next inquiry is whether, based on the factors set forth in 18 U.S.C. § 3142(g), there are any conditions or combination of conditions of release that will assure that the person either not flee or pose a danger to the safety of any other person or the community, OR, whether the person is unlikely to abide by any conditions of release. Here, over the course of approximately six months, the defendant possessed multiple weapons, appeared to stalk another civilian, and threatened his own life, necessitating response by local law enforcement. His behavior is further amplified by his ideations.

These concerns, of course, must be assessed with the backdrop of the pending criminal charges, where the defendant is alleged to have unlawfully trespassed into the U.S. Capitol on January 6, 2021, when a riotous mob entered the Capitol, stopping and delaying the electoral certification in the process. ECF No. 1. During the riot, while in the Rotunda of the U.S. Capitol building, the defendant screamed, near law enforcement, "I swear to G-d, I'll hip toss your ass into the fuckin' crowd, mother fucker!". *Id.* He appeared to then smoke a cigarette while in the Rotunda. The seriousness of this crime is not to be understated.

All in all, the defendant's prolonged and repeated violations raise substantial concern about his compliance with pretrial release.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

*/s/ Barry K. Disney*
BARRY K. DISNEY
Trial Attorney – Detailee, Capitol Siege Section
Kansas Bar No. 13284
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Office:  202-305-4367
Email:  Barry.Disney@usdoj.gov
